<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF DELAWARE</u>

```
_____
                           :
ANDREW R. GILMAN,          :
                           :      Civil Action
        Plaintiff,         :      10-672 (RMB-AMD)
                           :
        v.                 :      O P I N I O N
                           :
COMMISSIONER CARL C.       :
DANBERG, et al.,           :
                           :
        Defendants.        :
_____:
```

**APPEARANCES:**

> ANDREW R. GILLMAN, Plaintiff <u>pro</u> <u>se</u>
> James T. Vaughn Correctional Center
> Smyrna, Delaware 19977

**<u>Renée Marie Bumb, District Judge</u>**

Plaintiff Andrew R. Gilman ("Plaintiff"), who proceeds <u>pro</u> <u>se</u> and has been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the claims against Defendants Commissioner

Carl C. Danberg ("Danberg"), Warden Perry Phelps ("Phelps"), and Jim Welch ("Welch") should be dismissed and that Plaintiff should be allowed to proceed against Defendants Dr. Lawrence McDonald ("Dr. McDonald"), Dr. Louise Desrosiers ("Dr. Desrosiers"), Dr. Rolando Najera ("Dr. Najera"), and Tracy Wilkins ("Wilkins").

## I.   BACKGROUND

Plaintiff brings this § 1983 action alleging that Defendants are deliberately indifferent to his serious medical needs.  More particularly, he alleges that he is not receiving medical treatment for his Hepatitis C condition.  (D.I. 2, 6.)

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

The Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be

inequitable or futile.  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See <u>Ashcroft v. Iqbal</u>, -U.S.-, 129 S.Ct. 1937 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated. <u>Id.</u>  The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. <u>Id.</u> at 210-11.  Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] <u>Id.</u> at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. <u>Id.</u>  "[W]here the well-pleaded facts

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u>

do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  DISCUSSION

Plaintiff names Danberg, Phelps, and Welch as defendants for "not managing those people under them, for whom they are supposed to supervise." (D.I. 2, ¶ 11.)  As is well established, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948.  In Iqbal, the Supreme Court emphasized that "[i]n a § 1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct."
Iqbal, 129 S.Ct. at 1949.  "Thus, when a plaintiff sues an
official under § 1983 for conduct 'arising from his or her
superintendent responsibilities,' the plaintiff must plausibly
plead and eventually prove not only that the official's
subordinates violated the Constitution, but that the official by
virtue of his own conduct and state of mind did so as well."
Dodds v. Richardson, 614 F.3d 1185, 1198 (11th Cir. 2010)
(quoting Iqbal 129 S.Ct. at 1949.)  The factors necessary to
establish a § 1983 violation will vary with the constitutional
provision at issue.  Id.

Under pre-Iqbal Third Circuit precedent, "[t]here are two
theories of supervisory liability," one under which supervisors
can be liable if they "established and maintained a policy,
practice or custom which directly caused [the] constitutional
harm," and another under which they can be liable if they
"participated in violating plaintiff's rights, directed others to
violate them, or, as the person[s] in charge, had knowledge of
and acquiesced in [their] subordinates' violations."  Santiago v.
Warminster Twp., –F.3d–, No. 10-1294, 2010 WL 5071779 at *4 n.5
(3d Cir. Dec. 14, 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne
Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)
(second alteration in original)).  "Particularly after Iqbal, the
connection between the supervisor's directions and the

constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." Id. at *5.

The Third Circuit has recognized the potential effect that Iqbal might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether Iqbal requires narrowing of the scope of the test. Santiago, 2010 WL 6082779 at * 5 n.8; see, e.g., Bayer v. Monroe County Children and Youth Servs., 577 F.3d 186, 190 n.5 (3d Cir. 2009) (In light of Iqbal, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official.) Hence, it appears that, under a supervisory theory of liability, and even in light of Iqbal, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[2] Williams v. Lackawanna County Prison, Civ. No. 07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

---

[2] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." Sample v. Diecks, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." Id. at 1116-17.

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; e.g., supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also Iqbal, 129 S.Ct. at 1949-54; City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 F. App'x 240 (3d Cir. 2005) (not published).

Plaintiff provides no specific facts how the supervisory officials violated his constitutional rights, that any supervisory defendant expressly directed the deprivation of his constitutional rights or the creation of policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation.  For the above reasons, the court will dismiss as frivolous the claims against Danberg, Phelps, and Welch pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## IV.   REQUEST FOR COUNSEL

Plaintiff requests counsel on the grounds that he is incarcerated, unskilled in the law, has limited law library access, he has made repeated, unsuccessful attempts to retain counsel, and counsel would be serve the case.  (D.I. 5.)  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.  See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, representation by counsel may be appropriate under certain circumstances, if the court finds that Plaintiff's claim has arguable merit in fact and law.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time.  It is unclear whether Plaintiff's claim has arguable merit.  Moreover,

he appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time.  Therefore, the Court will deny without prejudice the request for counsel.

V.    **CONCLUSION**

Therefore, for the reasons set forth above, the claims against Danberg, Phelps, and Welch will be dismissed as frivolous pursuant to U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be allowed to proceed with his medical needs claims against Dr. McDonald, Dr. Desrosiers, Dr. Najera, and Wilkins.  The Court will deny without prejudice to renew Plaintiff's request for counsel.  (D.I. 5.)  The remaining Defendants will be ordered to respond to Plaintiff's motion for injunctive relief.  (D.I. 4.)

An appropriate order accompanies this Opinion.


s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

Date: December 28, 2010